UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>CASE RECORDS DIRECTOR, et al.,<br><br>Defendants. | 1:23-cv-00212 ADA SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER TO SUBMIT APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR TO PAY FILING FEE**<br><br>**21-DAY DEADLINE** |

Plaintiff Israel Maldonado Ramirez, in the custody of the Madera County Sheriff's Office, is proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

Plaintiff initiated this action by filing his complaint in the Sacramento division of this Court on February 8, 2023. (Doc. 1.)

On February 13, 2023, Magistrate Judge Carolyn K. Delaney issued an order transferring the action from the Sacramento division to the Fresno division because Plaintiff's complaint alleges violations occurring in Madera County. (Doc. 3.)

On February 15, 2023, this Court issued its Order to Submit Application to Proceed *In Forma Pauperis* or Pay Filing Fee Within 45 Days. (Doc. 5.)

On February 23, 2023, Plaintiff filed a document titled "Motion to Procee[d] with lawsuit claim & affidavit done." (Doc. 9.) Plaintiff appears to contend that he has "a motion to [appeal] because he "didn't consent" to magistrate jurisdiction, and that "the affidavit when threw today to

1

1 | procee[d] IFP motion done by me."[1] (*Id.*)

## II.  DISCUSSION AND ORDER

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In this case, more than 45 days have elapsed following the Order directing Plaintiff to submit an application to proceed *in forma pauperis* (IFP) or to pay the filing fee in full. Despite Plaintiff's assertion to the contrary, the Court has received neither an IFP application nor the required filing fee from him.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this Order, why this action should not be dismissed for his failure to file an IFP application or to pay the required filing fee. Alternatively, within that same time, Plaintiff may either file a completed and signed IFP application or pay the $402 filing fee.

//
//
//
//
//

---

[1] On February 21, 2023, this action was assigned to District Judge Ana de Alba. (*See* Docket Entry 8.)

**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **April 11, 2023**                                  /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE

3