UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>CASE RECORDS DIRECTOR, et al.,<br><br>Defendants. | 1:23-cv-00212 ADA SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PAY THE FILING FEE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Israel Maldonado Ramirez is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

Plaintiff initiated this action by filing his complaint in the Sacramento division on February 8, 2023. (Doc. 1.)

On February 13, 2023, Magistrate Judge Carolyn K. Delaney issued an order transferring the action from the Sacramento division to the Fresno division because Plaintiff's complaint alleges violations occurring in Madera County. (Doc. 3.)

On February 15, 2023, this Court issued its Order to Submit Application to Proceed *In Forma Pauperis* (IFP) or Pay Filing Fee Within 45 Days. (Doc. 1.)

On February 23, 2023, Plaintiff filed a document titled "Motion to Procee[d] with lawsuit claim & affidavit done." (Doc. 9.) In relevant part, Plaintiff states he does "have a motion to apps because SKO Magistrate Judge Sheila K. Oberto submitted her self the case when I didn't consent and the affidavit when threw today to proceed IFP motion done by me on the date

1

1  received the document." (*Id*.)

2  On April 12, 2023, the Court issued its Order to Show Cause (OSC) In Writing Why Action Should Not Be Dismissed for Failure to Obey Court Order to Submit Application to Proceed *In Forma Pauperis* or to Pay Filing Fee. (Doc. 10.) Plaintiff was to respond in writing, or, alternatively, to file a completed IFP application or pay the $402 filing fee, within 21 days of the date of service of the order. (*Id.* at 2.)

7  On May 1, 2023, Plaintiff filed a document titled "Affadavit to Proceed with Civil Complaint in Accordance to Affadavit Because Cause is Shown in here to Continue the Case for Winning." (Doc. 11.) Plaintiff states the "Court knows that they have not received; No (IFP) App! Why if they don't want to pick it up for me. Cause I can't make the facility do it for me." (*Id*.) He also asks "How can I spend all my time, looking for it when I only got certain of time to file a complaint that need to go threw today." (*Id*.) Plaintiff states the Court "needs to [indecipherable] right or I'm sue them with condolence of me, they have to let me go [indecipherable]." (*Id*.) He says the Court's "time is needed to pick up the IFP app! From the facility for the complaint can be proceeded. And to get the winning for you today." (*Id*.)

16 More than 45 days have elapsed following the order directing Plaintiff to submit an application to proceed *in forma pauperis* (IFP) or to pay the filing fee in full. Plaintiff has neither filed an IFP application, nor paid the filing fee in full despite initially indicating he had already filed an IFP application and then later indicating he could not "make the facility" send the IFP application. (*Cf*. Doc. 9 to Doc. 11.) In any event, because Plaintiff has paid the filing fee and because Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915 and fails to show that he is under imminent danger of serious physical injury, the Court will recommend that that this action be dismissed.

**II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

2

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

### III.   DISCUSSION

The Court takes judicial notice[1] of several prior lawsuits filed by Plaintiff in this Court:

(1) *Ramirez v. Perez*, No. 1:22-cv-564-JLT-SAB (E.D. Cal.) (dismissed for failure to state a claim, failure to comply with court order and failure to prosecute on November 21, 2022);

(2) *Ramirez v. Khale*, No. 1:21-cv-1213-DAD-EPG (E.D. Cal.) (dismissed as frivolous on November 18, 2021);

(3) *Maldonado-Ramirez v. Medical Employees*, No. 1:12-cv-1824-LJO-SAB (E.D. Cal.) (dismissed for failure to state a claim on April 4, 2014);

(4) *Maldonado-Ramirez v. Committee Counsel Wasco R/C*, No. 1:12-cv-1670-SAB (E.D. Cal.) (dismissed for failure to state a claim on January 15, 2014);

(5) *Maldonado-Ramirez v. Facility 4A Building 8 Staff*, No. 1:12-cv-1630-DLB (dismissed for failure to state a claim and failure to obey court order on June 24, 2013);

(6) *Maldonado-Ramirez v. Shafter-Wasco North Division*, No. 1:12-cv-1586-LJO-GBC (E.D. Cal.) (dismissed for failure to state a claim on November 27, 2012); and

(7) *Maldonado-Ramirez v. Facility 4A Medical*, No. 1:12-cv-1330-AWI-SAB (E.D. Cal.) (dismissed for failure to state a claim on April 4, 2014).

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on February 8, 2023, Plaintiff is subject to the section 1915(g) bar. He is also precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). The "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff generally alleges Madera County officials have not "done the right thing" concerning his grievances, refuse to "give [him] the best property ever that [he] ha[d]," and that "case records" and others are taking things from him and will not give him his "Guccie things," including Gucci glasses "to see better and have a good look" and to "look at the sun" and "see the star." (*See* Doc. 1 at 3-5.) Plaintiff states his injuries include emotional distress (*id*. at 3), "hurt [in his] bones" (*id.* at 4), and difficulty with his sight, including seeing at a distance and seeing "blurr and sparks," stating he "needs better glass[es]" (*id*. at 5).

Plaintiff's allegations do not involve imminent danger of serious physical injury. *See, e.g., Emmett v. Alexander*, No. 6:22cv369, 2022 WL 17542916, at *2 (E.D. Tex. Sept. 21, 2022) (claims asserting problems with a gluten-free diet and an eyeglass prescription going unfilled do not meet the imminent danger of serious physical injury exception); *Bradford v. Ceballos*, No. 1-20-cv-01821-SAB (PC), 2021 WL 53167, at *2 (E.D. Cal. Jan. 6, 2021) ("Plaintiff's general assertion that the alleged improper processing of his appeal caused him harm fails to demonstrate that plaintiff was 'under imminent danger of serious physical injury' when he filed the instant complaint"); *Harris v. Torres*, No. 1:19-cv-01171 JLT (PC), 2020 WL 1557801, at *2 (E.D. Cal. Feb. 4, 2020) (plaintiff's allegations regarding confiscation of property do not meet the imminent danger exception); *Simmons v. Kishbaugh*, No. 2:19-cv-1650-TLN-EFB P, 2020 WL 1853038, at *1 (E.D. Cal. Apr. 13, 2020) ("plaintiff alleges an access to courts claim … which fails to demonstrate that plaintiff was under imminent danger of serious physical injury when he filed this action"); *Thomas v. Parks*, No. 1:16-cv-01393-LJO-JLT (PC) 2018 WL 4373021, at *2 (E.D. Cal.

Sept. 13, 2018) ("Plaintiff's allegations in this action are based largely on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation … access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury"); *Manago v. Beard*, No. 1:16-cv-00293-LJO-SAB (PC), 2016 WL 4191893, at *2 (E.D. Cal. Aug. 8, 2016) ("Plaintiff's vague and conclusory allegations relating to an 'ongoing criminal conspiracy' among prison staff fails to present imminent danger exception to section 1915(g)"); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury").

Plaintiff's vague and conclusory assertions of "hurt" in his "bones" and that a Madera County official "uses it to kill [him] with the pain" he suffers from "papavascorpus"[2] are insufficient to establish the imminent danger exception. *Andrews*, 493 F.3d at 1057, n.11 (assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous"); *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998) ("vague and utterly conclusory assertions" of imminent danger are insufficient). Plaintiff's complaint is devoid of sufficient allegations regarding a deliberate indifference to serious medical condition claim, much less that he is at serious risk of imminent physical injury. *See Duncan v. Commissioner Marshall Fisher*, No. 3:16-cv-611-JCG, 2017 WL 3995915 *2 (S.D. Miss. Sept. 8, 2017) (noting various medical issues the prison plaintiff complained of did not meet the imminent danger of serious physical injury exception to the three strikes bar).

In sum, Plaintiff is precluded from proceeding *in forma pauperis* in this action because at the time he filed his complaint, he was not under imminent danger of serious physical injury. *Andrews*, 493 F.3d at 1052-53.

//

---

[2] The Court was unable to identify such a condition despite a search using several spelling variations.

### IV.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that this action be DISMISSED, without prejudice, for Plaintiff's failure to pay the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 3, 2023**              /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE